BARKLEY et al. v. UPTON et al.

Court of Appeals of Kentucky.
Feb. 22, 1952.

Rehearing Denied June 13, 1952.

Ralph Hurt, Columbia, L. C. Lawrence, Jamestown, for appellants.

Phelps & Wilson, Jamestown, for appellees.

CLAY, Commissioner.

Appellant purchased from appellee a tourist camp near Wolfe Creek Dam. In a suit brought by the latter to enforce his purchase lien on the property, the former counterclaimed for damages on the ground of fraudulent misrepresentation. The Chancellor entered judgment for appellee and dismissed appellant's counterclaim.

In April 1949 appellee owned several acres near the Wolfe Creek Dam development, and operated thereon a restaurant and a tourist camp. Appellant became interested in purchasing the property, and discussed the matter on the premises with appellee on two occasions. While there appellee, according to appellant, represented that there was plenty of water available; that the buildings on the camp site were in good condition; that the roof on the restaurant was relatively new; and that the tourist camp was a "going business." Appellant thereupon purchased the property.

At the time of the sale the property was leased to another person, and the lease was assigned to appellant. He departed for his home in Indiana. The following July appellee informed him by letter the people then occupying the premises had become involved in some sort of "licker trouble"; he had been over to the camp and "it looked like a lot of the stuff was going to destruction"; and he advised appellant to look into the matter at once. Shortly thereafter appellant returned to his property, took possession of it, and brought his family to live there.

According to the latter's testimony, when he moved to the tourist camp he found there was practically no drinking water available; a lot of the furniture had been broken up; the roofs on the buildings leaked; and the sewerage disposal system was not adequate. What he found was simply a run down tourist camp that had suffered from neglect.

There is very little difference in the testimony of appellant and appellee as to what representations were made just prior to the sale in April 1949. The principal bone of contention is whether or not they were true. Appellee introduced substantial evidence that at the time of the sale the camp site had an adequate water supply; the buildings were in good condition; the sewerage disposal was adequate; and the place was a going concern. Most of appellant's evidence was directed to the condition of the premises when he took possession three months after the sale. A great deal of it relates to the water supply, and it is true that at that time the wells had been partly filled up and were not producing an appreciable amount. However, appellee did not represent what the condition of the premises would be three months after the sale. There was ample evidence

to support the finding of the Chancellor, and we will not reverse his judgment without some reasonable certainty that he committed error.

It might be mentioned that appellant went on the premises and he bought this place with his eyes wide open. He suggests appellee would not permit him to make a personal inspection of the cabins on the camp site, but his claim of reliance upon appellee's representations is weakened when we consider the fact that it would be most unusual to buy such a business as this from a total stranger without making any effort to inspect the facilities. The Chancellor not only could have found there were no misrepresentations but also that appellant did not rely upon appellee's statements concerning the obvious physical condition of the camp site. Certainly appellee should not be required to pay for appellant's negligence in permitting the premises to become run down. We have no doubt of the correctness of the lower court's conclusion.

The judgment is affirmed.